FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
SEP 10 2009
JAMES W. McCORMACK, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DEBBIE GUSTAFSON, EXECUTRIX FOR THE ESTATE OF MITCHELL W. GUSTAFSON, DECEASED — PLAINTIFF

VS. CASE NO.: 5:09-CV-0282 SWW

LARRY NORRIS, DIRECTOR OF THE ARKANSAS DEPARTMENT OF CORRECTION; RICK TONY, WARDEN OF PINE BLUFF DIAGNOSTIC UNIT; EMMA PRATER, LICENSED SOCIAL WORKER; TRAY MUNGLE, CORRECTIONAL OFFICER; JOHN BYUS, ADMINISTRATOR OF MEDICAL AND DENTAL SERVICES; ROBERT C. PARKER, ADMINISTRATOR OF MENTAL HEALTH SERVICES; JOHN DOES I-X; STEPHEN BROUGHTON, M.D.; and CORRECTIONAL MEDICAL SERVICES, INC. — DEFENDANTS

This case assigned to District Judge Wright
and to Magistrate Judge Jones

## COMPLAINT
(WITH JOHN DOE AFFIDAVIT ATTACHED)

Comes the Plaintiff, by and through her attorneys, James, Carter & Coulter, PLC and for her Complaint against the Defendants, hereby alleges and states that:

1. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, 42 U.S.C. § 1997 (a) and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1167(a). This court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because the claims form part of the same case or controversy as the 42 U.S.C. § 1983 claim.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the acts complained of occurred in Jefferson County, Arkansas, such county being situated in the Pine Bluff Division of the Eastern District of Arkansas.

3. Plaintiff is the appointed Executrix of the Estate of Mitchell W. Gustafson, deceased. An Order appointing Plaintiff as Executrix was entered on October 11, 2007 by the Probate Court in Calhoun County, Arkansas.

4. Defendant Larry Norris is the Director of the Arkansas Department of Corrections ("ADOC"). Defendant Norris is sued in his official and individual capacity.

5. Defendant John Byus is Administrator of the Medical and Dental Services for the ADOC. Defendant Byus is sued in his official and individual capacity.

6. Defendant Robert C. Parker is the Administrator of Mental Health Services. Defendant Parker is sued in his official and individual capacity.

7. Defendant Rick Tony is the Warden of the Pine Bluff Diagnostic Unit of the ADOC. Defendant Tony is sued in his official and individual capacity.

8. Defendant Emma Prater is a licensed social worker with the Pine Bluff Diagnostic Unit of the ADOC. Defendant Prater is sued in her individual capacity.

9. Defendant Tray Mungle is a correctional officer at the Pine Bluff Diagnostic Unit of the ADOC. Defendant Mungle is sued in his individual capacity.

10. Defendants John Does I-X are employees and administrators of the ADOC and/or employees of Correctional Medical Services, Inc. ("CMS"), whose identities are unknown. A John Doe Affidavit is attached hereto and made a part hereof.

11. Defendants Norris, Byus, Parker, Tony, Prater, Mungle and John Does I-X are collectively referred to as ADOC Defendants.

12. Defendant Stephen Broughton, M.D. is a physician employed by CMS. CMS is vicariously liable for Defendant Broughton M.D.'s and the Defendant John Doe employees of CMS' acts and omissions.

13. Defendant CMS is a corporation that entered into a Health Services Agreement which was subsequently amended ("Health Services Agreement") to provide medical, dental and mental health services to the inmates incarcerated at the ADOC.

14. Defendants Broughton, John Does CMS employees and CMS are collectively referred to as CMS Defendants.

15. On September 12, 2007, Mitchell W. Gustafson was sentenced to serve 222 years in the ADOC in a Calhoun County criminal proceeding.

16. Because the Calhoun County Sheriff's Department knew that Mitchell W. Gustafson was suicidal, it made contact with the ADOC to request that Mr. Gustafson be immediately transferred to the ADOC.

17. The Calhoun County Sheriff's Department contacted the ADOC and informed the ADOC that Mr. Gustafson was a high risk for escape, a high risk of suicide, and that he had attempted to cut his arms with a razor blade.

18. Based on the risk to Mr. Gustafson's safety and with full knowledge of Mr. Gustafson's suicidal tendencies, the ADOC authorized the Calhoun County Sheriff's Department to transport Mr. Gustafson to the Pine Bluff Diagnostic Unit of the ADOC.

19. Upon the Calhoun County Sheriff Department's arrival at the Pine Bluff Diagnostic Unit, five ADOC correctional officers took Mitchell Gustafson into custody.

20. Mitchell Gustafson was then interviewed by Defendant Prater.

21. Despite actual knowledge that Mr. Gustafson was a suicidal risk and that CMS was contractually required to supply an on-call psychiatrist, Defendant Prater either deliberately ignored contacting the on-call psychiatrist, was not properly trained or supervised to call the on-call psychiatrist; or, the on-call psychiatrist was not available as required by the Health Services Agreement.

22. Defendant Mitchell Gustafson was placed on suicide watch on the second tier of 5 barracks, in cell 22 at the Pine Bluff Diagnostic Unit.

23. Defendant Tray Mungle was the correctional officer stationed on tier 2 of 5 barracks. Defendant Mungle allowed Mr. Gustafson out of his cell to make a telephone call and allowed him to walk up the stairs to the third tier.

24. Mitchell Gustafson dove head first off the third tier of 5 barracks in a successful suicide attempt.

25. The ADOC entered into the Health Services Contract specifically to provide medical and dental health services for the benefit of inmates incarcerated at the ADOC. The Health Services Contract was subsequently amended to specifically add psychiatric services for the benefit of inmates incarcerated in the ADOC.

26. The Health Services Contract required the CMS psychiatrists to provide psychiatric medical management of the ADOC mental health clients and provide seven day per week, twenty four hours per day psychiatric on-call coverage for the ADOC.

27. Dr. Stephen Broughton, MD was the psychiatrist assigned to the Pine Bluff Diagnostic Unit on September 14, 2007.

28. The Defendants, individually and in concert, had knowledge of the following:

(a) Mitchell Gustafson was an active suicide risk.

(b) After receiving notice from several means of his active and imminent suicidal potential, the ADOC Defendants refused to take the generally accepted measures in the field of administration to protect Mitchell Gustafson.

(c) The ADOC Defendants were not properly trained to protect inmates who have known active suicidal potential.

(d) The ADOC Defendants have an ineffective or nonexistent policy, practice and procedure for protecting inmates who have known active suicidal potential.

(e) There existed an excessive risk to Mitchell Gustafson's safety with full knowledge there was a strong likelihood that Mitchell Gustafson would self inflict harm to himself.

(f) The ADOC Defendants had no properly trained medical personnel on staff to monitor the condition of its mentally ill, disturbed and suicidal inmates and had a nonexistent or ineffective policy for dealing with medical/psychiatric type inmates.

(g) ADOC had no properly credentialed staff on duty to assess Mitchell Gustafson despite actual knowledge of his high risk of suicide.

(h) Mitchell Gustafson had a serious medical need for his medication.

29. As a result of the foregoing acts and omissions, while unattended and without his medication or support, Mitchell Gustafson died in the Pine Bluff Diagnostic Unit of the ADOC while under the custody and control of the ADOC.

30. The CMS Defendants were negligent and also breached the Health Services Contract. in the following manner:

(a) CMS failed to provide psychiatric medical management of Mitchell Gustafson.

(b) CMS failed to provide sufficient training to the ADOC mental health service division employees, including but not limited to Defendant Prater.

(c) Failure to have a psychiatrists on duty on September 14, 2007.

(d) CMS failed to provide twenty four hour, seven day a week coverage to the Pine Bluff Diagnostic Unit.

(e) CMS failed to train Defendant Prater and advise her she was not credentialed or qualified to identify and Mitchell Gustafson's suicide risk potential.

(f) CMS failed to train Ms. Prater that she was to complete a release of information for Mitchell Gustafson and obtain records for his previous mental health treatment.

(g) CMS failed to train Ms. Prater that she could put a hold on Mitchell Gustafson's placement for further evaluation by CMS psychiatrist Stephen Broughton.

(h) CMS failed to train Ms. Prater to input all necessary data in the inmates computer file and include the program referrals form and mental health care.

(i) The CMS Defendants failed to act to protect Plaintiff's decedent from bodily harm; failed to treat Plaintiff's decedent for his depression and suicidal tendencies; failed to implement policy and procedure regarding proper medical treatment for inmates and acted in a manner without the due care and diligence which a reasonable and prudent individual acting in a similar capacity would have displayed in assigning, housing and protecting the inmates in the ADOC; and, failed to treat inmates suffering from depression and suicidal tendencies.

(j) Failure to establish policy, practice, procedure, training and supervision in regards to the assessment and placement of suicidal inmates.

(k) The CMS Defendants failed to meet the regulations of the ADOC, the State of Arkansas and the United States of America; and

(l) The CMS Defendants failed to meet applicable current standards relating to health care services in correctional or residential facilities as specified by the American Correctional Association.

(m) Failure to respond to Defendant Prater, or in the alternative, failure to give medical advice in regards to Mitchell Gustafson that complied with the degree of skill and learning ordinarily possessed and used by psychiatrists in good standing engaged in the same type of practice or similar locality.

31. The Defendants foregoing acts, omissions and abdication of their duty to implement, train, supervise and implement policies constituted a deliberate indifference to Mitchell Gustafson's safety and serious medical needs in violation of his rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

32. The foregoing facts constitute a violation of Mitchell Gustafson's due process rights and right to be free from cruel and unusual punishment pursuant to Art. 2 §§ 7 and 8 of the Arkansas Constitution in violation of Ark. Code Ann. § 16-123-105.

33. The CMS Defendants, to the extent covered by insurance, have waived sovereign immunity from a negligence cause of action.

34. The CMS Defendants' actions as set forth above constitute negligent and negligent per se acts that have proximately caused injury and death to Plaintiff's decedent.

35. The CMS Defendants owed a duty to Mitchell Gustafson and the foregoing negligence constitutes a breach of that duty.

36. The foregoing acts and omission constitute a breach of the CMS Defendants' Health Services Agreement.

37. Mitchell Gustafson was the intended third party beneficiary of the CMS Contract with the ADOC.

38. As a proximate result and as a contributing cause of the CMS Defendants' breaches, Mitchell Gustafson successfully committed suicide.

39. At the time of the incident in question, Plaintiff's decedent was survived by his wife, Debbie Gustafson.

40. As a direct and proximate result of the aforementioned deliberate indifference and negligence of the Defendants, Mitchell Gustafson received both temporary and fatal injuries in the Pine Bluff Diagnostic Unit and, as a consequence, his estate has sustained the following damages:

(a) Conscious pain and suffering;

(b) Disfigurement;

(c) Mental anguish;

(d) Funeral expenses; and

(e) Loss of life.

41. For all of which Plaintiff, as administrator of the Estate of Mitchell W. Gustafson, claims damages in an amount which exceeds the amount necessary for federal diversity actions.

42. As a direct and proximate result of the aforementioned negligence of Defendants, Mitchell Gustafson's heirs, including his wife, suffered mental anguish occasioned by the traumatic and needless unexpected death of her husband, which has damaged her in an amount which exceeds the amount necessary for federal diversity action.

43. The foregoing actions and omissions of Defendants in regard to the delivery of mental health services is likely to recur and as a result the Estate of Mitchell Gustafson seeks injunctive and declaratory relief against the ADOC Defendants in their official capacity and the CMS Defendants in regards to the on going Health Services Contract. Plaintiff reserves the right to add additional plaintiffs to this lawsuit.

44. The Defendants' conduct in each of the foregoing constitute deliberate and gross negligent and willful and wanton conduct, and the totality of its conduct evidences a malicious disregard for which malice may be inferred rendering Defendants liable for punitive damages.

45. Plaintiff demands a trial by jury.

46. Plaintiff reserves her right to amend this complaint.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment granting a declaratory judgment that the Defendants' acts, policies, and practices complained of herein, violated Plaintiff's decedent' rights secured by the due process clause of the Fifth and Fourteenth Amendments and the rights secured by the Eighth Amendment to the United States Constitution; joint and several nominal, compensatory, and punitive damages against the Defendants for Plaintiff and the Estate of Mitchell W. Gustafson, reasonable attorneys' 42 U.S.C. § 1988 fees; and, all other proper and just relief, whether specifically prayed for herein or not.

Respectfully submitted,

DEBBIE GUSTAFSTON,
Executrix of the Estate of
Mitchell W. Gustafson, deceased

By:______________________________

Paul J. James, Arkansas Bar No. 83091
James, Carter & Coulter, PLC
500 Broadway, Suite 400
Little Rock, Arkansas 72201
(501) 372-1414
(501) 372-1659 (Facsimile)
Email: pjj@jamescarterlaw.com

STATE OF ARKANSAS )
) ss.
COUNTY OF PULASKI )

AFFIDAVIT

Before the undersigned Notary Public, duly commissioned and acting within the County and State aforesaid, appeared in person, Paul J. James, who stated the following under oath:

1. I am an attorney licensed in the State of Arkansas.

2. This affidavit is being filed contemporaneous with a complaint pursuant to Ark. Code Ann. § 16-56-125.

3. I represent Debbie Gustafson, Executrix for the Estate of Mitchell W. Gustafson, Deceased, in a potential claim against Larry Norris, Director of the Arkansas Department of Correction,; Rick Tony, Warden of Pine Bluff Diagnostic Unit; Emma Prater, Licensed Social Worker; Tray Mungle, Correctional Officer; John Byus, Administrator of Medical and Dental Services; Robert C. Parker, Administrator of Mental Health Services; John Does I-X; Stephen Broughton, M.D.; and Correctional Medical Services, Inc.

4. John Does I-X are employees and and/or administrators of Correctional Medical Services, Inc.

5. Further affiant sayeth not.

Paul J. James

SUBSCRIBED AND SWORN to before me this 8th day of September, 2009.

Notary Public

My Commission Expires: 2/20/2014

KAREN TURNER
Perry County
My Commission Expires
February 20, 2014